| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
|---|---|
| LARRY BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VAN AUSDALL & FARRAR INC, | ) |
| | ) |
| Defendant. | ) |

FILED NOV 21 2016

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Larry Baker, and for his Complaint against Defendant, Van Ausdall & Farrar Inc, alleges as follows:

### Nature of the Case

1. This is an action at law and equity for damages by Plaintiff, Larry Baker (hereinafter "Baker" or "Plaintiff"), against Defendant, Van Ausdall & Farrar Iinc (hereinafter "VAF" or "Defendant") for injury to his person, income, and property caused by the wrongful acts of Defendant.

2. Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*, 104 Stat. 327 (1990) (Pub. L. 101-336), as amended by the ADA Amendments Act of 2008 (Pub. L. 110-325), and also pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in particular, 29 U.S.C. §§ 1132 and 1140.

3. Because Defendant's actions against Baker were taken with actual malice and/or reckless indifference to Baker's federally protected rights, Defendant is subject to an award of punitive damages pursuant to 42 U.S.C. §1981a(b)(1).

## Jurisdiction

4. At all relevant times Plaintiff performed work for Defendant within Marion County, and Defendant routinely conducts business in Marion County, Indiana. All the events giving rise to this cause of action occurred within or related to the employment relationship between Plaintiff and Defendant.

## Parties

5. Plaintiff, Larry Baker, was at all times relevant to this suit a citizen of the State of Indiana and resided in Marion County, Indiana.

6. Defendant, VAF, conducts business in the State of Indiana, including Marion County, and at all relevant times maintained its offices at 6430 E. 75th Street, Indianapolis, IN 46250. Defendant is a domestic for-profit corporation incorporated in the State of Indiana, and its corporate address is listed with the Indiana Secretary of State's office as 6430 E. 75th Street, Indianapolis, IN 46250. Defendant's registered agent for service of process in Indiana is Eric Von Grimmenstein, whose service address is the same as the corporate address.

## Factual Allegations

7. At all times relevant to this Complaint, Plaintiff was an "employee" of VAF within the meaning of the ADA and ERISA.

8. At all times relevant to this Complaint, VAF was an "employer" within the meaning of the ADA and ERISA.

2

9. VAF recruited Baker to join the company and Baker agreed to accept a position with VAF starting in January 2015.

10. To entice Baker to join VAF, VAF told Baker the position they offered would provide Baker with the potential to earn well into six figures of annual income.

11. Also to entice Baker to join VAF, VAF offered certain employment benefits.

12. VAF was self-insured at all relevant times with regard to the employment benefit package it offered to employees.

13. Baker completed mandatory 8-week training course during his first two months with VAF.

14. After completing the training, Baker was asked to fill the roll of Major Account Manager, targeting large enterprise accounts.

15. Baker was told that VAF expected it would take 12 to 18 months to develop the business associated with the Major Account Manager position.

16. VAF's VP of Sales, Jeff Jenny, explained to Baker that he wanted Baker to develop the Major Account Manager role into a division with multiple sales people that Baker would manage.

17. At all times relevant to this Complaint, Baker's work performance met or exceeded Defendant's legitimate expectations.

18. Baker was always able to perform the essential functions of his job either with or without accommodation.

19. In mid June 2015 Baker requested a reasonable accommodation for a disability.

20. Immediately after advising VAF of his disability and his need for a reasonable accommodation, VAF began a campaign of discrimination, harassment and retaliation against Baker that culminated in his wrongful termination on June 26, 2015.

21. Prior to terminating his employment, VAF refused to even consider or to talk to Baker regarding his request for a reasonable accommodation for his disability.

22. When Baker was advised of his termination he immediately asked Jewel Otto, VAF's Human Resources representative, whether there were any issues with Baker's performance, to which Otto replied: "No, the first I heard of anything was when you called me to tell me you had been terminated."

23. Following his termination, Baker's former manager at VAF called him and said that he believed because the company is self-insured, they (VAF) terminated Baker so they wouldn't have to pay for Baker's health care.

24. Plaintiff timely filed a Charge of Discrimination against VAF with the U.S. Equal Employment Opportunity Commission ("EEOC"). The Charge generally included allegations of discrimination and retaliation in violation of the ADA.

25. Baker has received a Notice of Right to Sue from the EEOC. This Complaint is timely filed.

26. As a direct and proximate result of VAF's unlawful, malicious, willful, retaliatory and discriminatory actions, Baker has suffered lost wages, salary, employment benefits, related financial losses, physical pain and suffering, and emotional distress.

## Count I: Discrimination in Violation of ADA

27. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

28. At all times relevant Baker was a qualified individual with a disability within the meaning of the ADA; VAF regarded Baker as disabled; and, Baker had a record of having an impairment that substantially limited one or more of his major life activities, of which VAF was aware.

29. VAFR failed and refused to engage in the interactive process with Baker, failed to make or even consider reasonable accommodations for him, and ultimately terminated his employment because of his disability or perceived disability.

30. Baker was at all relevant times capable of performing the essential functions of his position with VAF with or without accommodation.

31. As a result of VAF's wrongful, intentional, willful and wanton actions and omissions described herein, Baker has suffered loss of income and benefits, severe emotional distress, and other significant injury to both his property and his person.

## Count II: Retaliation in Violation of ADA

32. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

33. Plaintiff engaged in conduct protected by the anti-retaliation provisions of the ADA codified at 42 U.S.C. §12203.

34. Defendant retaliated against Plaintiff for having engaged in protected conduct, including, without limitation, for his having sought accommodation for his known disabilities or for otherwise having exercised his rights under the ADA.

35. As a result of VAF's wrongful, intentional, willful and wanton actions and omissions described herein, Baker has suffered loss of income and benefits, severe emotional distress, and other significant injury to both his property and his person.

### Count III: ERISA Claims

36. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

37. At all times relevant to this complaint, Defendant maintained a qualified employee welfare benefit plan as defined in 29 U.S.C. § 1002(1)(A) and in which Plaintiff was a participant and beneficiary.

38. Plaintiff was terminated by Defendant in retaliation for the fact that he exercised or intended to exercise his rights under Defendant's welfare benefit plan, and in order to prevent Plaintiff from attaining and/or exercising his rights under the plan in the future, all in violation of the anti-retaliation provisions of 29 U.S.C. § 1140.

### Relief Requested

WHEREFORE, Plaintiff, by counsel, respectfully requests the following relief:

A. Special damages, including, but not limited to, wages, salary, employment benefits, and other compensation denied or lost due to Defendant's above-described actions;

B. Interest on the amount awarded as special damages calculated at the prevailing rate, including both pre- and post-judgment interest where appropriate;

C. Compensatory damages;

D. Liquidated and/or punitive damages;

E. Damages to compensate Baker for mental anguish and emotional distress;

F. Reasonable attorneys' fees, expert witness fees, and other costs of this action; and

G.    All other just and proper relief to which Plaintiff is entitled.

Respectfully submitted this 21st day of November 2016

By _____
Michael L. Schultz (20361-49)
PARR RICHEY OBREMSKEY FRANDSEN
&amp; PATTERSON LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN 46204
Telephone:    (317) 269-2500
Facsimile:    (317) 269-2514
E-mail: mschultz@parrlaw.com

*Attorney for Plaintiff, Larry Baker*

## DEMAND FOR JURY TRIAL

Plaintiff, Larry Baker, by his undersigned counsel, hereby requests a trial by jury pursuant to Rule 38 of the Indiana Rules of Trial Procedure.

_____
Michael L. Schultz

721297

|  |  |  |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
|  | ) SS: |  |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
|---|---|
| LARRY BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VAN AUSDALL & FARRAR INC, | ) |
| | ) |
| Defendant. | ) |

**FILED NOV 21 2016**

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:  Initiating**

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party:

   Plaintiff, Larry Baker

2. Applicable attorney information for service as required by Ind.Trial Rule 5(B)(2) and for case information as required by T.R. 3.1 and T.R. 77(B):

   Michael L. Schultz, 20361-49
   PARR RICHEY OBREMSKEY FRANDSEN
     & PATTERSON LLP
   251 North Illinois Street, Suite 1800
   Indianapolis, IN 46204-4216
   Telephone:   (317) 269-2500
   Facsimile:    (317) 269-2514
   Email:         mschultz@parrlaw.com

3. Service by fax **will not** be accepted.

4. There are no related cases pending, nor have there been within the last twelve months.

5. This is a **PL** case type under Administrative Rule 8(B)(3).

6. This appearance has been served on all parties and/or counsel.

7. Appearing attorneys have reviewed and discussed the **Commitment to Respect and Civility** with their client and agree to aspire to its goals.

Respectfully submitted,

By _____
Michael L. Schultz, 20361-49
PARR RICHEY OBREMSKEY FRANDSEN
& PATTERSON LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN 46204-4216
Telephone:   (317) 269-2500
Facsimile:    (317) 269-2514
Email:         mschultz@parrlaw.com

721313

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

LARRY BAKER,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
VAN AUSDALL & FARRAR INC,　　　）
　　　　　　　　　　　　　　　　　）
　　　　　Defendant.　　　　　　　）

## SUMMONS

TO DEFENDANT:　　Van Ausdall & Farrar, Inc.
　　　　　　　　　　c/o Eric Von Grimmenstein, Registered Agent
　　　　　　　　　　6430 E. 75th Street
　　　　　　　　　　Indianapolis, IN 46250

　　　　You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

　　　　The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

　　　　An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

　　　　If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated _____　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Clerk, Marion County Circuit & Superior Courts

**Attorney for Plaintiff(s):**　　NOV 21 2016　　**Clerk Information:**

Michael L. Schultz (20361-49)　　　　　　　　W122 City-County Building
PARR RICHEY OBREMSKEY FRANDSEN　　　　200 E. Washington Street
　& PATTERSON LLP　　　　　　　　　　　Indianapolis, IN  46204
251 N. Illinois Street, Suite 1800
Indianapolis, IN  46204
Telephone:　　(317) 269-2500
Facsimile:　　(317) 269-2514

The following manner of service of Summons is hereby designated:

    __X__ Registered or Certified Mail
    _____ Service on individual at above address: County _____
    _____ Service on agent: (specify) _____
    _____ Service by Publication

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2016 I mailed a copy of this Summons and a copy of the Complaint to the Defendant, Van Ausdall & Farrar, Inc., by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated _____

                                          Clerk, Marion County Circuit & Superior Courts

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the _____ day of _____ 2016.

I hereby certify that the attached return receipt was received by me on the _____ day of _____ 2016, showing that the summons and a copy of the Complaint was returned not accepted.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____ (age) _____ on behalf of said Defendant on the _____ day of _____ 2016.

                                          Clerk, Marion County Circuit & Superior Courts

## SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____

                                          Signature of Defendant

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:

(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the _____ day of _____ 2016.
(2) By leaving a copy of the Summons and a copy of the Complaint:
    a) at the dwelling place or usual place of abode of the Defendant
    b) with a person of suitable age and discretion residing therein, namely _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed on the Summons, the last known address of the Defendant.

                                  Sheriff of _____ County, Indiana
                                  By: _____

721316

2